U. S. Bankruptcy Court
Middle District of PA

In Re: James Michael Brolley a/k/a James Brolley
a/k/a James M Brolley
Debtor

Chapter 7
No. 18-03421 JJT

Wilmington Trust
Movant

vs.

James Michael Brolley et al
Debtor

Robert P. Sheils, Jr.
Trustee

FILED    Wilkes-Barre, PA.
November 7, 2018
Clerk, U.S. Bankruptcy Court

RECEIVED WILKES-BARRE PA
NOV -7 2018
CL
Clerk, U.S. Bankruptcy Court

## Answer

1. Admitted
2. Denied James Brolley is present owner. Bankruptcy was filed before deed transfer.
3. Admitted
4. Denied Case is on appeal. Judge Tessa Gelb has already been overturned once
5. Denied Bankruptcy was filed before transfer of deed.
6. Denied Only true for Chapter 13
7. Denied Movant is not holder of Note. No legal status
8. Admitted
9. Admitted Due to Atty Stephen Bresset's failure to attend hearing.
10. Admitted Continue yet another successful appeal
11. Denied Movant does not hold Note (no legal status, rights, remedies)
12. Denied
13. Denied On the contrary, Movant has **knowingly** perpetrated a **fraud** on the courts by failure to hold Note.
14. Denied No legal status.
15. Denied No Note, No rights

## New Matter

1. Movant has knowingly defrauded courts (no Note) for 12 yrs.
2. Initial assignment to Wells Fargo is lost valid (endorsed) assignment. This is why Judge Peter Paul Olszewski refused to change name of Plaintiff to EMC. They then waited for him to leave office and fraudulently overturned his decision without court approval. This fraud was exposed in reassessment hearing before Judge Joseph Van Jura. Law firm then dropped case (Exhibit A)
3. EMC cannot assign mortgage to itself. (EMC 22C)
4. No record of Residential Credit Solutions as attorney for EMC
5. "Consciousness of guilt" pleading by Movant (Exhibit B) obfuscation never claimed Note was lost
6. Illegal vacating of first case _after_ judgment was rendered.

Clearly stay should remain in effect.

Respectfully submitted,
James Brolley

U.S. Bankruptcy Court
Middle District of PA.

In Re: James Michael Brolley aka
James Brolley aka James M Brolley
      Debtor

Chapter 7
No. 18-03421 JJT

Wilmington Trust
    Movant

vs.

James Michael Brolley, et al
    Debtor
Robert P Sheils, Jr.
    Trustee

## Certificate of Service

I, James M. Brolley (pro se), do hereby certify that true & correct copies of Answer & Exhibits A & B have been served on 11/5/18 by first class mail upon those listed below:

**Movant**
James C. Warmbrodt, Esq.
KML Law Group, P.C.
Suite 5000 - BNY Independence Center
701 Market St.
Philadelphia, PA 19106-1532

Date: November 5, 2018

**Trustee**
Robert P Sheils, Jr.
108 North Abington Rd.
Clarks Summit, PA 18411

Office of U.S. Trustee
228 Walnut St. Suite 1190
Harrisburg, PA 17107

James M. Brolley (pro se)
    Debtor



1617 JFK Boulevard
Suite 1400
Philadelphia, PA 19103-1814
215-563-7000
Fax: 215-561-4491
Email: janine.davey@redphc.com

Janine R. Davey, Esquire                                    Representing Lenders in
                                                            Pennsylvania & New Jersey

October 7, 2009

VIA OVERNIGHT MAIL
The Honorable Peter Paul Olszewski, Jr.
Luzerne County
200 N. River Street
Wilkes-Barre, PA 18711

Re:   EMC Mortgage Corporation v. James M. Brolley
      Luzerne County CCP, No. 8805-2007

Dear Judge Olszewski:

On September 9, 2009, Your Honor issued an Order granting Plaintiff's Motion for Summary Judgment, a copy of which is attached. However, the Plaintiff listed in the caption is Wells Fargo Bank, NA, s/b/m to Wells Fargo Home Mortgage Inc., while the correct Plaintiff should state EMC Mortgage Corporation. A Praecipe to Substitute Party Plaintiff has been filed with the Court. Plaintiff respectfully requests that Your Honor amend the September 9, 2009 Order to state the Plaintiff as EMC Mortgage Corporation.

Should Your Honor have any questions regarding this matter, please feel free to contact me.

Respectfully,

Janine R. Davey, Esquire
JRD/mzh

cc:   R. Charles Petrillo, Esquire (via facsimile (570) 824-0001 and regular mail)
      James M. Brolley (via overnight mail)

*. Please be advised that this firm is a debt collector attempting to collect a debt. Any information received will be used for that purpose. If you have previously received a discharge in bankruptcy and this debt was not reaffirmed, this correspondence is not and should not be construed to be an attempt to collect a debt, but only enforcement of lien against property.

Exhibit A

## II. MR. BROLLEY'S ARGUMENTS IN HIS TARDY OPPOSITION ARE MERITLESS

In his dilatory opposition, Mr. Brolley attempts to divert this Honorable Court's attention from the matter at hand by presenting legally unsupported and half-baked arguments, none of which have any merit.

### A. Loan Application Bears Helen Brolley's Signature

While most certainly an oversight, Mr. Brolley argues in his opposition that the Uniform Residential Loan Application, attached to Plaintiff's Motion for Summary Judgment as Exhibit B, "was not signed." This statement is false. In fact, Helen Brolley's signature appears approximately two-thirds down on the third page of the Uniform Residential Loan Application. Moreover, the fourth page bears her initials. As such, Defendant has created no "genuine issue of material fact" with regard to the validity or authenticity of Mrs. Brolley's loan application, and the representations contained therein.

### B. A Promissory Note is Not "Wholly and Completely Irrelevant" to a Mortgage Foreclosure Action

Defendant is certainly correct in his assertion that an action in mortgage foreclosure is an *in rem* proceeding. *See* Pa.R.C.P. 1141. To that end, Plaintiff assures this Honorable Court that it seeks only *in rem* relief here. However, Defendant's argument that a promissory note is "wholly and completely irrelevant" to an action in mortgage foreclosure is blatantly outdated and incorrect. In Pennsylvania, the mortgage follows the note. *Am. Home Mortg. Servicing, Inc. v. Tarantine*, 2011 Pa. Dist. & Cnty. Dec. LEXIS 108 (Pa. County Ct. 2011). Consequently, when issue of standing arises in an action in mortgage foreclosure, the possession of the note becomes a crucial factor in determining who may enforce the mortgage. "Failure or inability to produce the Note does not create an issue of standing where the Court is satisfied, as it was in *Anderson v. Kern*, 259 Pa. 81, 102 A. 427, 34 Lanc. L. Rev. 289 (1917), that the mortgagee did indeed at some point possess the Note, which in that case was later lost or misplaced. *See also, HSBC Bank USA, N.A. v. Keenhold*, 2009 U.S. Dist. LEXIS 16081, 2009 WL 523092 (M.D. Pa. Mar. 2, 2009), where it was held that the plaintiff had provided sufficient evidence of standing by attaching to its complaint a copy of the promissory note, mortgage, and the document assigning

*Exhibit B*



James Brolley
150 Laurel Rd
Mountain Top, PA 18707

18701-150099

U.S. Bankruptcy Court
197 South Main St.
Wilkes-Barre, PA 18701